UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN VALENCIA,<br><br>   Plaintiff,<br><br> v.<br><br>L. MACHADO, et al.,<br><br>   Defendants. | No. 1:24-cv-00569-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO SEAL THE ACTION<br><br>(ECF No. 13) |

   Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

   Plaintiff filed the instant complaint on May 13, 2024.  However, Plaintiff's complaint is not signed under penalty of perjury as required by the federal rules of civil procedure and local rules of this Court.  Therefore, on May 14, 2024, the Court issued an order striking Plaintiff's unsigned complaint from the record and granting thirty days to file an amended complaint. (ECF No. 7.)

   After receiving an extension of time, Plaintiff filed a first amended complaint on June 24, 2024, along with a separate request to seal the action pursuant to Federal Rule of Civil Procedure 5.2, which is currently before the Court for review. (ECF Nos. 13, 14.)  Plaintiff seeks to seal the instant case for his protection from retaliation, including physical violence by non-party prison

1

staff at California Correctional Institution and other California prisons.  (ECF No. 13 at 3.)

## I.

## DISCUSSION

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.' " Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)). Other than grand jury transcripts and warrant materials in the midst of a pre-indictment investigation, which are documents that have been "traditionally kept secret," there is a "strong presumption in favor of access" to all other court records. Kamakana, 447 F.3d at 1178; see also Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a court record bears the burden of overcoming the "strong presumption in favor of access" by articulating "compelling reasons for doing so." Kamakana, 447 F.3d at 1178.

The Court must "conscientiously balance" the "competing interests" of the public and the party seeking to seal the judicial record.  Kamakana, 447 F.3d at 1179. The determination as to what constitutes a "compelling reason" is within the Court's "sound discretion." Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016). Examples of compelling reasons include where a record might "become a vehicle for improper purposes," such as to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179.

Here, Plaintiff seeks to seal the entire court record.  Plaintiff contends that, because this action relates to allegations regarding "green wall" correctional staff members, the entire court record should be sealed to preserve his safekeeping. (ECF No. 13 at 3.)  Because of the "strong presumption in favor of access to court records," Center for Auto Safety, 809 F.3d at 1096, and because Plaintiff has not articulated any specific reason, other than the general subject matter of the action and his alleged "safekeeping" for why the entire court record and his complaint should be sealed, Kamakana, 447 F.3d at 1178, Plaintiff's motion to seal the entire record, including his complaint, shall be denied.  The Court notes, however, that this ruling does not foreclose Plaintiff from requesting, in the future, that certain documents be filed under seal.  In making such

requests, Plaintiff must comply with all applicable Federal Rules of Civil Procedure and the Local Rules, including Local Rules 140 and 141. The Court's ruling also does not foreclose Plaintiff from seeking a protective order in relation to such documents, as provided for under Local Rule 141.1 and Federal Rule of Civil Procedure 26(c).

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to seal the record is DENIED.

IT IS SO ORDERED.

Dated:   **July 30, 2024**

UNITED STATES MAGISTRATE JUDGE

3