**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWIN VALENCIA, | Case No. 1:24-cv-0569 KES SAB (PC) |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S REQUEST FOR RECONSIDERATION (Doc. 26) |
| v. | |
| L. MACHADO, et al., | ORDER DISMISSING CERTAIN CLAIMS AND DIRECTING THE ACTION PROCEED ON COGNIZABLE CLAIMS IN THE SECOND AMENDED COMPLAINT |
| Defendants. | |

Edwin Valencia asserts correctional officers violated his civil rights while he was incarcerated at California Correctional Institution. *See generally* Doc. 24. The magistrate judge screened the second amended complaint pursuant to 28 U.S.C. § 1915A(a). Doc. 25. Pursuant to Rule 72 of the Federal Rules of Civil Procedure, Valencia seeks reconsideration of the magistrate judge's order related to his claims for retaliation and unnecessary use of force. Doc. 26. For the reasons set forth below, the motion for reconsideration is granted in part and denied in part.

## I.   PROCEDURAL BACKGROUND

Valencia initiated this action by filing a complaint on May 13, 2024. Doc. 1. The court observed the complaint was unsigned and struck the unverified pleading from the record. Doc. 7. Valencia then filed an amended complaint, which the magistrate judge screened pursuant to 28 U.S.C. § 1915A(a). Doc. 8. The magistrate judge found Valencia failed to state a cognizable claim, due to the sparsity of the allegations, but granted leave to amend for Valencia to provide

1

additional facts to support his claims. *Id.* at 3-5.

After Valencia filed a second amended complaint, the magistrate judge screened the pleading. Docs. 24, 25. The magistrate judge found Valencia stated cognizable claims for: (1) "deliberate indifference to his safety based on the disclosure of his sexual offense against Defendants Tyree, Ortega, Beardsley, and Kilmer;" (2) conspiracy to act with deliberate indifference [to] Plaintiff's safety" against Tyree, Ortega, Beardsley, and Kilmer; (3) retaliation by Machado; and (4) excessive force by Ortega for "spraying an excessive amount of pepper spray in his face even after he was in the prone position." Doc. 25 at 7-9.

The magistrate judge found that Valencia was unable to state a claim against the named defendants in their official capacities, because such claims were barred by the Eleventh Amendment. Doc. 25 at 6. The magistrate judge also determined that to the extent Valencia asserted the defendants failed to comply with certain state statutes or prison regulations, he was unable to state a claim for under Section 1983. *Id.* at 9-10. Finally, the magistrate judge observed declaratory relief was not warranted, explaining: "If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated … [A] declaration that any Defendant violated Plaintiff's rights is unnecessary." *Id.* at 10. Thus, the magistrate judge found Valencia "failed to state any other cognizable claims." *Id.*

Valencia filed objections to the magistrate judge's order and requested reconsideration pursuant to Rule 72(b)(2), requesting modification of the order related to his claims for retaliation and excessive force. Doc. 26. Valencia is otherwise willing to proceed on the claims the court finds cognizable, and he does not wish to further amend his complaint. *See* Doc. 28

## II.     RECONSIDERATION BY THE DISTRICT JUDGE

Requests for reconsideration by the district judge may be brought pursuant to Rule 72 of the Federal Rules of Civil Procedure. Rule 72(a) governs reconsideration of nondispositive matters, while Rule 72(b) concerns findings and recommendations of the magistrate judge on dispositive matters. *See* Fed. R. Civ. P. 72(a)-(b); *see also United States v. Abonce–Barrera*, 257 F.3d 959, 968 (9th Cir.2001). Notably, the challenged screening order is a nondispositive matter,

2

because the order does not dismiss Valencia's claims. *See Miller v. Cal. Dep't of Corr. & Rehab.*, 2013 WL 5954803, at *2 (E.D. Cal. Nov. 6, 2023) (explaining a screening order was "not dispositive" because the magistrate judge did not order the dismissal of any causes of action). For this reason, the court construes the motion for reconsideration as one raised under Rule 72(a).

When a party seeks reconsideration of the magistrate judge's order under Rule 72, the district judge "may not simply substitute its judgment for that of the deciding court." *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988). A district judge shall modify or set aside an order when it is "clearly erroneous or contrary to law." 28 U.S.C. § 626(b)(1)(A); Fed. R. Civ. P. 72(a); *Khrapunov v. Prosyankin*, 931 F.3d 922, 931 (9th Cir. 2019). The "clearly erroneous" standard applies to factual findings and is "significantly deferential." *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Avalos v. Foster Poultry Farms*, 798 F.Supp.2d 1156, 1160 (E.D. Cal. 2011). This requires the district judge to be "left with the definite and firm conviction" that the magistrate judge made a mistake. *Avalos*, 798 F.Supp.2d at 1160. When a challenged order "turns on a pure question of law, [the district judge's] review is plenary under the 'contrary to law' branch of the Rule 72(a) standard." *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Calderon v. Experian Info. Solutions, Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013). Consequently, challenged factual conclusions are reviewed for clear errors, while challenged legal conclusions are reviewed to determine whether they are contrary to law.

## III.   DISCUSSION AND ANALYSIS

Valencia challenges the legal conclusions that he did not state a claim for retaliation against Ortega, Beardsley, and Kilmer. Doc. 26 at 1, 2-3. Valencia also asserts the magistrate judge erred by finding Ortega only used excessive force when *continuing* to use the spray on Valencia, arguing the *initial* use of the spray was unlawful. *Id.* at 4. He does not object to any other conclusions – whether legal or factual – by the magistrate judge.

### A.    Relevant Allegations

On May 8, 2020, Valencia appeared for a prison disciplinary hearing before Senior

Hearing Officer Tyree related to allegations a correctional officer made that Valencia committed "an act of sexual misconduct." Doc. 24 at 7-8, ¶¶ 9, 12. Valencia reports he was found guilty at the disciplinary hearing and received a property restriction. *Id.* at 8, ¶ 13. He contends Tyree instructed Officer Ortega to go to Valencia's cell and confiscate the property appliances. *Id.* According to Valencia, when Ortega went to the cell, he "informed defendants Kilmer and Beardsley of the sexual nature of [the] administrative conviction." *Id.* at 9, ¶ 15. Valencia asserts that Ortega, Kilmer, and Beardsley "individually, and/or collectively," told his cellmate T. Askew that Valencia was "found guilty of a sex offense at a disciplinary hearing" and "to deal with it the way inmates handle sex offenders." *Id.*, ¶ 16.

Valencia alleges that when he returned to his cell that morning following the hearing, Askew confronted him about being "a sex offender" and said he was told to deal with Valencia. Doc. 24 at 9, ¶ 17. Following the confrontation, Valencia reports he removed his legal property from the cell and went to the dayroom in the housing unit. *Id.*, ¶ 18. Valencia contends he told Kilmer that he "could not remain assigned to [his] cell" because of the comments from Askew. *Id.* at 10, ¶ 18. Valencia contends he "made a verbal request [for] Kilmer to notify a custody supervisor for [Valencia's] placement into protective custody." *Id.*, ¶ 20. Valencia asserts that Kilmer responded he would "notify floor staff," which included Ortega and Beardsley. *Id.* Valencia contends that for "approximately two [] hours," he stayed in the dayroom and "continued to make multiple verbal requests [for] Kilmer to notify a custody supervisor regarding placement into protective custody." *Id.* at 10-11, ¶ 20.

Valencia alleges that while in the dayroom, he saw Ortega performing a security escort and "made a verbal request to defendant Ortega to allow [him] to speak to a custody supervisor about [his] housing assignment," to which Ortega responded, "I'm not dealing with that now." Doc. 24 at 11, ¶ 21. Valencia contends that approximately an hour later, defendants Ortega and Beardsley approached Valencia, who remained seated in the day room. *Id.* at 11-12, ¶¶ 23-24. Valencia asserts that he "began speaking directly to defendant Ortega," explaining that his cellmate stated "staff" informed him that Valencia "was a sex offender [and] convicted of a sex offense at a disciplinary hearing," and the cellmate demanded Valencia move out of their cell. *Id.*

at 12, ¶ 24 (cleaned up).

Valencia alleges he again requested "a custody - supervisor be called to remedy this safety problem including possible placement … into protective custody." *Id.* at 12-13, ¶ 25. He reports that Ortega responded by stating that "normal cell move procedure" involved Ortega finding an available cell, having an inmate agree to be his cellmate, and obtaining staff approval for the move. *Id.* at 13, ¶ 26. Valencia contends that after Ortega explained this procedure, Valencia repeated that he "was faced with threat of physical harm" from his cellmate. *Id.* Valencia alleges he told Ortega this was "based on the staff action" because "Askew was aware of the hearing results from staff communications," and Valencia "*wanted to report this problem to a custody supervisor* and request protective custody." *Id.*, ¶ 27 (emphasis added). Valencia asserts that "while he was still seated and speaking," Ortega pulled out his mace can, shook it up and down quickly, and sprayed Valencia "while simultaneously saying, 'oh well.'" *Id.* at 13-14, ¶ 28. Valencia contends that he stood up, stepped backwards, and then laid "prone on the floor;" and Ortega continued to spray the mace even while he stayed in the prone position. *Id.* at 14, ¶ 29.

## B.    Retaliation

To state claim for retaliation in violation of the First Amendment in the prison context, a plaintiff must allege "(1) adverse action by a state actor against the inmate (2) because of (3) that prisoner's protected conduct, and the action (4) chilled the inmate's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate correctional goal." *Johnson v. Ryan*, 55 F.4th 1167, 1201 (9th Cir. 2022) (citing *Chavez v. Robinson*, 12 F.4th 978, 1001 (9th Cir. 2021)). A "plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the 'substantial' or 'motivating' factor behind the defendant's conduct." *Harpool v. Beyer*, 2012 WL 4038444 at \*11 (E.D. Cal. 2012), *referring to Soranno's Gasco, Inc., v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

### 1.    Claim against Kilmer

Valencia rests his claim against Kilmer upon verbal requests for placement into protective custody by a supervisor. *See* Doc. 24 at 10-11, ¶¶ 18-20. However, such oral requests for protective custody are not constitutionally protected under the First Amendment. *See, e.g.,*

5

*Livingston v. Hoffnagle*, 2019 WL 7500501, at *15 (N.D.N.Y. Nov. 8, 2019) (a "request for protective custody … constitutes a request for transfer to housing of his preference, which is not constitutionally protected speech"); *see also Sanchez v. Shanley*, 2021 WL 365912, at *4 (N.D.N.Y. Feb. 3, 2021) (request for protective placement does not satisfy the protected speech requirement of the First Amendment). Even assuming such oral requests are protected conduct, Valencia fails to identify any action taken by Kilmer *after* the requests that would chill his First Amendment rights. Thus, Valencia does not show that the magistrate judge's legal conclusions are contrary to law, and the motion for reconsideration related to this claim is denied.

### 2.    Claim against Ortega

As alleged in the SAC, Valencia indicated to Ortega that he wanted to report a problem with the staff—including improper communications with Askew regarding the hearing and Valencia's status as a sex offender—to a supervisor. Doc. 24 at 13, ¶ 27. This request to make a report to a supervisor is protected conduct under the First Amendment. *See Uribe v. McKesson*, 2011 WL 9640 at *12 (E.D. Cal. Jan. 3, 2011) (a prisoner's attempt to report a prison official's conduct, either "verbally or in writing, constitutes speech or conduct entitled to First Amendment protection"). Because Ortega sprayed mace on Valencia immediately after the request, the court may also reasonably infer that the action was taken because of the protected speech. *See Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent"). The court finds the allegations are sufficient to state a cognizable claim against Ortega, and the motion for reconsideration as to this claim is granted.

### 3    Claim against Beardsley

Although Valencia alleges that Beardsley was present while he talked to Ortega, he does not allege that Beardsley took any action after Valencia expressed the intent to report the staff's conduct to a supervisor. Instead, the only allegations concern the actions of Ortega. For this reason, the allegations are insufficient to state a cognizable claim for retaliation by Beardsley. The motion for reconsideration as to the claim against Beardsley is denied.

### C.    Excessive force

The use of excessive force against prisoners violates rights arising under the Eighth

6

Amendment.  *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002).  To state a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must allege that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline.  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *see also Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018).  A court may consider: (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response.  *Id.* at 7; *see also id*. at 9-10.

Valencia acknowledges the magistrate judge found that Ortega's use of mace against him while in the prone position was sufficient to support a claim for excessive force.  *See* Doc. 26 at 1. But Valencia asserts that the *initial* use of mace also constitutes excessive force, because it was "unprovoked" and "unnecessary." *Id.* at 4.  Upon review of the SAC, the court agrees that the allegations support a conclusion that there was no need for application of force while Valencia remained seated and talked to Ortega.  The allegations do not support a conclusion that Ortega's use of the mace spray was "to maintain or restore discipline."  Accordingly, the motion for reconsideration is granted as to the claim of excessive force against Ortega, and the claim shall include both the *initial* use of the mace and the *continued* use of the spray as Valencia lay in a prone position.

## IV.    CONCLUSION AND ORDER

Valencia did not raise specific objections to any other conclusions by the magistrate judge. The court finds the screening order is otherwise supported by the record and proper analysis and, in the interest of judicial economy, will order that the matter proceed on the claims found cognizable, subject to the above modifications.[1]  Thus, the Court **ORDERS**:

1.    Plaintiff's request for reconsideration (Doc. 58) is **GRANTED** in part, as to the claims for retaliation against Ortega and the use of excessive force by Ortega.

///

---

[1] Plaintiff indicated that he does not wish to file an amended complaint and would proceed on the claims the court found cognizable.  Doc. 28.

7

2.     The action **SHALL** proceed **<u>only</u>** on the following claims as stated in the second amended complaint:

     a.   Deliberate indifference to the plaintiff's safety against defendants Tyree, Ortega, Beardsley, and Kilmer;

     b.   Conspiracy to act with deliberate indifference against defendants Tyree, Ortega, Beardsley, and Kilmer;

     c.   Retaliation against defendants Machado and Ortega; and

     d.   Excessive force against Ortega, both for the initial use of the spray and the continued use while the plaintiff was in the prone position.

3.     All other claims and defendants are **DISMISSED** for failure to state a claim.

4.     The matter is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:    February 12, 2026                                          

UNITED STATES DISTRICT JUDGE